UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2025 APR -7 PM 2: 32
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| JORGE DURON, | ) |
| | ) |
| Plaintiff, | ) EP25CV0116 |
| | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| | ) |
| 4 PILLAR CONSULTING LLC | ) |
| a New York Limited Liability Company | ) |
| | ) |
| Defendant. | ) |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now Plaintiff, Jorge Duron, for their Complaint for Damages and Jury Demand against Defendant 4 PILLAR CONSULTING, LLC, allege and state as follows:

PARTIES

1. Plaintiff JORGE DURON ("Plaintiff") is and at all material times was, a natural person, resident of the Western District of Texas, and was present in Texas for all texts, in this case in El Paso County, Texas.

2. Defendant 4 PILLAR CONSULTING LLC ("Pillar Consulting" or "Defendant") is a limited liability company organized and existing under the laws of New York can be served via registered agent Registered Agents, Inc., 90 State Street, Ste 700, Office 40, Albany, New York 12207.

JURISDICTION AND VENUE

1

3. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). *LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because it arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff; adds little complexity to the case.

4. This Court has specific personal jurisdiction over Defendant because at all relevant times, Defendant conducted business in Texas, solicited business in Texas, engaged in persistent course of conduct in Texas. Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation. Defendant purposefully sent texts into Texas despite having no business relationship with Plaintiff.

    a. Defendant target Texas when marketing merchant cash advance loans and regularly conduct business in this District, including telephone solicitation.

    b. The purposeful text to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the text and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. He was residing in the Western District of Texas when he received a substantial, if not every call from Defendant, which is the subject matter of this lawsuit.

6.  This Court has venue over Defendant because the text at issue were sent by or on behalf of the above-named Defendant to Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7.  In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these texts were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.  The TCPA makes it unlawful "to make any text (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.  The TCPA makes it unlawful "to initiate any telephone call to any residential

telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11. Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must

be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally

5

liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS
## COMMON TO ALL CALIMS FOR RELIEF

20. Plaintiffs' privacy and cell phone have been invaded by the non-emergency telemarketing text messages from Pillar Consulting.

21. Plaintiff personally registered his phone number ending in -8309 on the National Do Not Call Registry to stop telephone solicitation in 2008.

22. Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations for their financial gain.

23. Plaintiff has been overwhelmed by an incessant influx of text messages pertaining to marketing business loans.

24. From February 3, 2025, to March 19, 2025, Plaintiff received at least twelve (12) text messages from Defendant to his personal cell phone soliciting business loans.

25. On March 21, 2025, at 4:30 pm, Plaintiff replied to the illegal text messages asking for their website. Plaintiff was not interested in business loans, he only

6

replied for the sole purpose of finding who was behind the text messages.

26. The text message resulting in Plaintiff receiving an email from "Mohamed Ahmed" with email address mo@4pillar.com.

27. The email had a link which prompted Plaintiff to an application from Defendant.

28. Each of the texts messages was a solicitation for business loans.

29. Plaintiff did not have a preexisting business relationship with Defendant.

30. Defendant did not have Plaintiff's consent to send any of the text messages at issue in this Complaint.

31. Table below displays the unsolicited text messages made to Plaintiff by Timberland.

TABLE A:

| | | | | |
|---|---|---|---|---|
| 1. | 02/03/2025 | 518-635-6025 | 12:25 PM | Soliciting for business funding |
| 2. | 02/04/2025 | 518-635-6025 | 6:01 AM | Soliciting for business funding |
| 3. | 02/06/2025 | 518-635-6025 | 7:01 AM | Soliciting for business funding |
| 4. | 02/12/2025 | 518-635-6025 | 8:18 AM | Soliciting for business funding |
| 5. | 02/17/2025 | 518-635-6025 | 9:11 AM | Soliciting for business funding |
| 6. | 02/18/2025 | 518-635-6025 | 9:05 AM | Soliciting for business funding |
| 7. | 03/03/2025 | 518-635-6025 | 11:40 AM | Soliciting for business funding |
| 8. | 03/03/2025 | 518-635-6025 | 2:41 PM | Soliciting for business funding |
| 9. | 03/04/2025 | 518-635-6025 | 8:46 AM | Soliciting for business funding |

| | | | | |
|---|---|---|---|---|
| 10. | 03/06/2025 | 518-635-6025 | 9:10 AM | Soliciting for business funding |
| 11. | 03/13/2025 | 518-635-6025 | 8:18 AM | Soliciting for business funding |
| 12. | 03/19/2025 | 518-635-6025 | 9:12 AM | Soliciting for business funding |

32. Defendant's unregistered text messages caused Plaintiff to become aggravated, and annoyed and resulted in Plaintiff having to spend hours attempting to uncover the identity of the anonymous telemarketers.

33. No emergency necessitated any of these texts.

34. Each of the text messages at issue in this Complaint was a solicitation text message.

35. Defendant placed multiple text messages to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2008, which violated § 227(c) and 47 C.F.R. § 64.1200(c

## TEXAS BUSINESS AND COMMERCE CODE 302.101

36. Defendant initiated the text messages alleged herein and is a "seller" under the Texas Business and Commerce Code ("TBCC") because it makes telephone solicitation on its own behalf and called Plaintiff in this case.

37. "' Telephone solicitation' means a *telephone call* a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." (emphasis added) Tex. Bus. Com. Code § 302.002.

38. Telephone call is defined as "a call or other transmission made to or received at a telephone number, including a call or other transmission, *including a*

***transmission or a text or graphic message of an image***, to a mobile telephone number." (emphasis added) Tex. Bus. Com. Code § 304.002(C).

39. "A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation." Tex. Bus. & Com. Code § 302.002.

40. A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

41. Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.")

42. The Plaintiff may seek damages of violations of Texas Business and Commerce Code § 302.101 of to $5,000.00 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code §§ 302.302(a), 302.302(d).

43.     Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

44.     The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE TEXTS

45.     Defendant's text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

46.     Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

47.     Defendant's text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

48.     Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

49.     The texts were sent to Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff does not have a landline at his home

and uses the cell phone to listen to music, talk to friends and family, surf the internet, time food when cooking, navigation, and other non-business uses of his cell phone.

## I. FIRST CLAIM FOR RELIEF

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

50. Plaintiff incorporates the preceding paragraphs 1-49 as if fully set forth herein.

51. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

52. Defendant sent ten (10) texts to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the texts, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

53. Plaintiff was statutorily damaged at least twelve (12) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the unauthorized text messages described above, in the amount of $500 per text.

54. Plaintiff is entitled to an award of at least $500 in damages for each such violation, 47 U.S.C. § 227(c)(5)(B).

55. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or

willful violation of 47 U.S.C. § 227(c)(3)(F).

## II. SECOND CLAIM FOR RELIEF

**(Violations of Texas Business and Commerce Code 302.101)**

**Failure to obtain a Telephone Solicitation Registration Certificate**

56. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-55.

57. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non- registered solicitation texts to Plaintiff's cellular telephone number without his prior express written consent.

58. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

59. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Texas Business and Commerce Code 302.302(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jorge Duron prays for judgment against the Defendant as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein'by Defendant violated the TCPA.

C.   An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.   An award of $1500 per text in statutory damages arising from the TCPA §227(c) intentional knowing and willful violations jointly and severally against the corporation and individual for twelve (12) texts.

E.   An award of $5,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 302.101 for twelve (12) texts;

F.   An award to Mr. Duron of damages, as allowed by law under the TCPA;

G.   An award to Mr. Duron of interest, costs, and attorneys' fees, as allowed by law and equity.

H.   Such further relief as the Court deems necessary, just, and proper.

April 4, 2025,                                          Respectfully submitted,

_____
Jorge Duron
Plaintiff, Pro Se
9328 Lait Drive
El Paso, Texas 79925
915-929-8309
Duronjorge413@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

April 4, 2025,                                   Respectfully submitted,

*Jorge Duron*
Jorge Duron
Plaintiff, Pro Se
9328 Lait Drive
El Paso, Texas 79925
915-929-8309
Duronjorge413@gmail.com